```
 1  EVAN S. COHEN (State Bar # 119601)
    e-mail: ecohen@manifesto.com
 2  S. MARTIN KELETI (State Bar # 144208)
    e-mail: keleti@manifesto.com
 3  SOMMER A. ISSAQ (State Bar #259081)
    e-mail sissaq@cohenmusiclaw.com
 4  COHEN AND COHEN
    8340 Melrose Avenue
 5  Los Angeles, California 90069-5420
    (323) 655-4444 Telephone
 6  (323) 655-3333 Facsimile
    Alan S. Gutman (State Bar # 128514)
 7  e-mail: alangutman@gutmanlaw.com
    9401 Wilshire Boulevard, Suite 575
 8  Beverly Hills, California 90212-2918
    (310) 385-0700 Telephone
 9  (310) 385-0710 Facsimile

10  Attorneys for plaintiff and counterdefendant
    ARC MUSIC, INC.
11
```

**NOTE CHANGES MADE BY THE COURT.**
**CARLA M. WOEHRLE**

# United States District Court
# Central District of California

| | |
|---|---|
| ARC MUSIC, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WAYNE HENDERSON, SR., et al.,<br><br>　　　　Defendants. | Case No. CV 09-07967 DSF (CWx)<br><br>[PROPOSED] PROTECTIVE ORDER |
| WAYNE HENDERSON, SR.,<br><br>　　　　Counterclaimant,<br><br>　　　　v.<br><br>ARC MUSIC, INC., et al.,<br><br>　　　　Counterdefendants. | |

1  The Court has received and reviewed the Stipulation between the parties
2  requesting a Protective Order covering material designated as Confidential by a
3  party disclosed during disclosures and discovery. For good cause appearing,

4  IT IS THEREFORE ORDERED that material designated as Confidential by
5  a party disclosed during disclosures and discovery be protected from disclosure
6  pursuant to the terms of the Stipulation, *as modified by the Court (see attached)*

10  Dated:   May 27, 2010

   *Carla M. Woehrle*
   HON. CARLA WOEHRLE
   United States Magistrate Judge

11  Submitted by:

13  COHEN AND COHEN

15  /s/
   By: S. MARTIN KELETI

1  EVAN S. COHEN (State Bar # 119601)
   e-mail: ecohen@manifesto.com
2  S. MARTIN KELETI (State Bar # 144208)
   e-mail: keleti@manifesto.com
3  SOMMER A. ISSAQ (State Bar #259081)
   e-mail sissaq@cohenmusiclaw.com
4  COHEN AND COHEN
   8340 Melrose Avenue
5  Los Angeles, California 90069-5420
   (323) 655-4444 Telephone
6  (323) 655-3333 Facsimile
   Alan S. Gutman (State Bar # 128514)
7  e-mail: alangutman@gutmanlaw.com
   9401 Wilshire Boulevard, Suite 575
8  Beverly Hills, California 90212-2918
   (310) 385-0700 Telephone
9  (310) 385-0710 Facsimile

10 Attorneys for plaintiff and counterdefendant
   ARC MUSIC, INC.

**COURTESY COPY**

**e-filed on 5/11/2010**

NOTE CHANGES MADE BY THE COURT.

# United States District Court
## Central District of California

| | |
|---|---|
| ARC MUSIC, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>WAYNE HENDERSON, SR., *et al.*,<br><br>    Defendants. | Case No. CV 09-07967 DSF (CWx)<br><br>STIPULATION FOR PROTECTIVE ORDER |
| WAYNE HENDERSON, SR.,<br><br>    Counterclaimant,<br><br>    v.<br><br>ARC MUSIC, INC., *et al.*,<br><br>    Counterdefendants. | |

1
Stipulation for Protective Order

## 1 PURPOSES AND LIMITATIONS:

Disclosure and discovery activity will involve production of confidential, private or protected information from the Parties and certain third parties for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. By entering into this form of Stipulated Protective Order, the Parties have agreed to a form of protective order governing discovery. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends to all information and documents produced in this matter, to the extent permitted by all applicable state and federal laws. It is understood that certain documents and information or items are entitled under applicable state and federal statutes and regulations and legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79—5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the court to file material under seal.

## 2 DEFINITIONS:

2.1 *Party:* any Party to this action, including all of its officers, directors, employees, and counsel, their support staff and experts.

2.2 *Disclosure or Discovery Material*: All items and/or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 *"Confidential" Information or Items*: Information (regardless of how generated stored or maintained) or tangible things designated as "Confidential" by

a Designating Party. *Such material to be limited to material entitled and to protection under F.R.Civ.P. 26 and cases interpreting the rule.*

2.4 *Receiving Party*: A Party, including a Party's experts, that receives Disclosure or Discovery Material from a Producing Party.

2.5 *Producing Party*: A Party or non-Party that produces Disclosure or Discovery Material in this action.

2.6 *Designating Party:* A Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 *Inspecting party:* A potential receiving Party that reviews or otherwise inspects documents or information which may later be designated as "Confidential."

2.8 *Protected Material*: Any Disclosure or Discovery Material that is designated as "Confidential."

2.9 *Expert*: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as an expert consultant in this action.

2.10 *Subsequent release:* Protected Material (under the terms of this Stipulated Protective Order) shall not be released by a Receiving Party to any person other than the Party's expert or the court, without the express written consent of the Producing Party or the author of the Protected Material, or by order of the court.

3    SCOPE:

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom.

4    DURATION:

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party, pursuant to state or federal statute or regulations, agrees in

1  writing that the designation is no longer required by law or a court order otherwise
2  directs that the confidentiality of the information or item is no longer required by
3  state or federal statute or regulation or legal principle.

4  **5    DESIGNATING PROTECTED MATERIAL:**

5  ~~All information in documentary form to be offered for admission into evidence~~
6  ~~during trial of this matter or submitted in connection with any law and motion or~~
7  ~~other proceeding before the court in this matter shall be determined to be~~
8  ~~"Confidential" and protected by the terms of this Stipulated Protective Order, if it~~
9  ~~meets the requirements of Paragraph 2.3 of this Stipulated Protective Order and is~~
10 ~~properly designated on its face "Confidential."~~ The documents previously produced
11 by Henderson which Henderson wishes to retroactively designate as "Confidential"
12 are listed in the attached Exhibit A and shall be deemed to have been marked
13 "Confidential." *This order does not govern admission of documents in evidence at court proceedings.*

14 **6    ACCESS TO AND USE OF PROTECTED MATERIAL:**

15   6.1  *Basic Principles*: A Receiving Party may use Protected Material that is
16 disclosed or produced by another Party in connection with this case only for
17 prosecuting, defending, or attempting to settle this litigation. Such Protected
18 Material may be disclosed only to the categories of persons and under the
19 conditions described in this Stipulated Protective Order.

20   6.2  *Disclosure of "CONFIDENTIAL" Information or Items*. Unless otherwise
21 ordered by the court or permitted in writing by the Designating Party, a Receiving
22 Party may disclose any information or item designated CONFIDENTIAL only to:

23   (a)  The Receiving Party's counsel of record in this action who have been
24 apprised of this Stipulated Protective Order and agreed to be bound thereby, as well
25 as employees of said counsel to whom it is reasonably necessary to disclose the
26 information for this litigation;

27   (b)  The employees of the Receiving Party to whom disclosure is reasonably
28 necessary for this litigation.

(c) Experts (as defined in Section 2.9 of this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation.

(d) The court and its personnel;

(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) The author of the document, the actual recipients of the document, individuals copied on the document, or the original source of the information; and

(g) Any other person upon such terms and conditions as the parties may agree to as the court may order.

**7  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL:**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all copies of the Protected Material; and

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order.

**8  FINAL DISPOSITION:**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, exhibits, legal memoranda, correspondence (including e-mails) or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

**9  MISCELLANEOUS:**

9.1  *Right to Further Relief.* Nothing in this Stipulated Protective Order

1 abridges the right of any person to seek its modification by the court in the future.

2     **9.2** *Right to Assert Other Objections*: By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

**10    FILING DOCUMENTS UNDER SEAL:**

The existence of this Stipulated Protective Order by itself does not authorize the filing of pleadings and documents under seal in whole or in part. Counsel for the Receiving Party must meet and confer with counsel for the Producing Party before disclosing Protected Information to the Court. Civil Local Rule 79—5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a Producing Party seeks permission from the court to permit a Receiving Party to file Protected Information under seal.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:    May 11, 2010    COHEN AND COHEN

By: /s/_____
S. MARTIN KELETI
Attorneys for plaintiff and counterdefendant
ARC MUSIC, INC.

Dated:    May 11, 2010    LAW OFFICES OF MICHAEL B. ACKERMAN

By: /s/_____
MICHAEL B. ACKERMAN
Attorneys for defendant and counterclaimant
WAYNE HENDERSON, SR.

**EXHIBIT A**

| | |
|---|---|
| 2 | HEN002-105 |
| 3 | HEN112 |
| 4 | HEN131-134 |
| 5 | HEN136-138 |
| 6 | HEN141-144 |
| 7 | HEN152 |
| 8 | HEN192-193 |
| 9 | HEN194-223 |
| 10 | HEN260-350 |
| 11 | HEN357-358 |
| 12 | HEN367-371 |
| 13 | HEN374-379 |
| 14 | HEN381 |
| 15 | HEN398-399 |
| 16 | HEN400-403 |
| 17 | HEN416-621 |